UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WUXI DEXUN MICROMOTOR CO., LTD. | ) ) ) | Case No: |
| Plaintiff, | ) ) | Judge: |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| SPENCER GIFTS LLC, MOSPEN PRODUCTS, INC., LONGTU DECORATION CO. LTD., and JOHN DOE a/k/a "DAVID WU" | ) ) ) ) ) | |
| Defendant. | ) | |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff Wuxi Dexun Micromotor Co., Ltd. ("Dexun") sues Defendants Spencer Gifts LLC ("Spencer"), Mospen Products, Inc. ("Mospen") Longtu Decoration Co. Ltd. ("Longtu"), and John Doe a/k/a David Wu, as follows:

**NATURE OF ACTION**

1. This is an action for false designation of origin and unfair competition under the federal Lanham Act, 15 U.S.C. §1125(a), common law trademark infringement, state deceptive trade practices, and intentional interference with prospective economic advantage. Dexun seeks damages, attorneys' fees, costs, and preliminary and permanent injunctive relief.

**JURISDICTION AND VENUE**

2. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this case arises under the Lanham Act. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over Defendants Spencer, Mospen, Longtu

1

and David Wu. Spencer has transacted business within this state and has committed a tortious act within this state, through its sale of products containing counterfeit components. 735 ILCS 5/2-209(1)-(2). Mospen and Longtu have sold products containing counterfeit components to Spencer's for use and resale in this state, and throughout the United States, and specifically marked those products for sale and resale in the United States. John Doe a/k/a David Wu is on information and belief a foreign national, who sold the counterfeit components marked and labeled specifically for use in the United States.

4. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b), (c) and (d).

## PARTIES

5. Dexun is a Chinese corporation that manufactures and distributes solenoids, motors and pumps.

6. Defendant Spencer is a Delaware corporation with its principal place of business in New Jersey, which does business in Illinois and throughout the United States. Spencer operates two national retail brands, "Spencer's" and "Spirit Halloween." Spencer models itself as a lifestyle retail company and it sells a wide range of novelty products, including party supplies, gifts, clothing, room décor, branded merchandise and jewelry. Currently, Spencer owns at least 19 stores in Illinois.

7. Mospen is a Taiwanese corporation, specializing in manufacturing and distribution with its principal offices in Taipei, Taiwan.

8. Longtu is a Chinese corporation specializing in manufacturing and distribution.

## ALLEGATIONS COMMON TO ALL COUNTS

9. Dexun is a leading manufacturer of pumps and other key electronic components,

which are often used in fog machines. Dexun has used the marks DEXUN and SHINLEF in association with its electronic components continuously, for several years. Dexun's components are known in the industry for their high quality and durability, and are used in a variety of products, including fog machines.

10. Dexun has registered its DEXUN and SHINLEF marks in China and has taken steps to obtain counterpart U.S. trademark registrations.

11. As part of its ongoing effort to produce only the most reliable and highest quality products, Dexun has worked closely with recognized certification bodies to ensure that its products meet the highest quality standards. For example, Dexun works with Underwriters' Laboratories to ensure that its products meet appropriate UL standards. Dexun has obtained approval from Underwriter's Laboratories to place UL certification marks on its products, including its pumps which are used in fog machines. Dexun labels its products, including its pumps used in fog machines, with the authorized UL certification mark, as well as its own DEXUN and/or SHINLEF marks.

12. Beginning in at least 2009, Spencer sold a 400 Watt Mini Fog Machine containing a counterfeit Dexun micro-pump. Spencer sold the fog machine on its website and in its stores, throughout the United States. The counterfeit pump is visible from the outside of the fog machine, and has a counterfeit label, written in English. The counterfeit label bears a counterfeit of Dexun's SHINLEF mark, and also bears a UL certification mark along with a UL file number that is registered to Dexun.

13. The box containing the 400 Watt Mini Fog Machine bears an ETL certification mark from Intertek. Intertek, like UL, certifies goods as meeting certain quality and safety standards. On information and belief, Intertek granted the 400 Watt Mini Fog Machine an ETL

3

certification mark based in part upon the counterfeit pump which made the product appear to have been constructed of UL-approved components.

14. On information and belief, Spencer sold at least 42,000 of the 400 Watt Mini Fog Machines containing the counterfeit pump within and throughout the United States, including in Illinois.

15. On information and belief, the counterfeit pumps were provided to Longtu by a person claiming to be "David Wu." Though "David Wu" nominally held himself out to be affiliated with Dexun, several facts indicated he was not a Dexun employee. He did not have an email address associated with Dexun's official domain name, <dexun.cn>, but rather used multiple email addresses from a variety of domains, including guizhaoguao@hotmail.com, and wuleon@hotmail.com. He used letterhead that listed "Wu Xi Dexun *Microtor* Co., Ltd.," instead of Dexun's proper name, and his letterhead contained "typed in" contact information in a different font. He listed phone numbers which are not Dexun's phone numbers, and he used a false company seal with visibly incorrect codes.

16. On information and belief, based on the above and other facts, at least Mospen and Longtu were fully aware that "David Wu" was not affiliated with Dexun and were fully aware of the counterfeit nature of the pumps they purchased from "David Wu.".

17. On further information and belief, Mospen and Longtu knowingly purchased the counterfeit pumps for the purpose of saving money while at the same time having a pump which appeared to contain a UL certification.

18. On information and belief, at all times "David Wu," Mospen and Longtu directed their willful acts at the United States. Particularly, they used counterfeit pumps with english-language counterfeit labels and counterfeit UL certification marks for the express purpose of

being able to sell the pumps into the United States.

19. On information and belief, "David Wu," Mospen and Longtu at all times were aware that the counterfeit pumps bearing the counterfeit UL certification mark and counterfeit SHINLEF mark would be sold throughout the United States.

20. Dexun has been harmed by Defendants' use and sale of counterfeit components. Dexun has lost the potential sale of at least 42,000 units. Furthermore, on information and belief, Dexun's goodwill and reputation have been damaged by the distribution of inferior products in association with Dexun's valuable trade names. On information and belief, Dexun has suffered additional as-yet-unknown damages.

**FIRST CLAIM FOR RELIEF**
(False Designation of Origin or Sponsorship, False Advertising and Common Law Trademark Infringement under the Lanham Act, 15 U.S.C. § 1125(a))

21. Dexun incorporates the preceding allegations as if fully set forth herein.

22. Dexun's DEXUN and SHINLEF marks, used in association with solenoids, micro-pumps and other goods, have become uniquely associated with, and hence identifies Dexun.

23. Dexun's UL file numbers are uniquely identified with Dexun.

24. Spencer's ETL certification mark applied to its 400 Watt Mini Fog Machine is a false certification mark, insofar as the certification was obtained through false pretenses, including the use of a counterfeit of a UL-approved component.

25. Defendants' use of several false, spurious and counterfeit marks, including a counterfeit SHINLEF mark, a counterfeit UL certification mark, and a ETL certification mark obtained through false pretenses, in connection with fog machine, constitutes a false designation of origin and/or a false or misleading description or representation of fact, which is likely to cause confusion, cause mistake or deceive as to affiliation, connection or association amongst

consumers as to the origin, sponsorship or approval of Defendants' goods, services, or commercial activities by Dexun.

26. Defendants used in commerce the false and fraudulently obtained marks with the knowledge that Dexun owns and has used, and continues to use, its trademarks, with the knowledge they were not authorized to apply a UL certification mark, and with the knowledge that the ETL certification mark was obtained through false pretenses. This constitutes intentional conduct by Defendants to make false designations of origin and false descriptions about Defandants' goods, services and commercial activities.

27. As a direct and proximate result of such unfair competition, Dexun has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation and goodwill.

**SECOND CLAIM FOR RELIEF**
(Common Law Trademark Infringement)

28. Dexun incorporates the preceding allegations as if fully set forth herein.

29. Dexun owns and uses the marks DEXUN and SHINLEF and enjoys common law rights in Illinois and throughout the United States in and to the DEXUN and SHINLEF trademarks on the goods set forth above, and these rights are senior and superior to any rights which Defendants may claim in and to its infringing products.

30. Dexun is authorized to make use of UL certification marks in association with particular UL file numbers, and the right to use these UL certification marks are personal to Dexun.

31. Defendants' use of Dexun's SHINLEF trademark and of the UL certification mark in connection with Dexun's file number is intentionally designed to mimic Dexun's products so as to cause confusion regarding the source of Defendants' products, in that

6

purchasers thereof will be likely to associate or have associated such products with, as originating with, or as approved by Dexun, all to the detriment of Dexun.

32. As a direct and proximate result of Defendants' infringement of Dexun's common law trademark rights under Illinois and other common law, Dexun has suffered and will continue to suffer, monetary damages and irreparable injury to its business, reputation and goodwill.

## THIRD CLAIM FOR RELIEF
(Illinois Uniform Deceptive Trade Practices Act 815 ILCS 510/1 et seq.)

33. Dexun incorporates the preceding allegations as if fully set forth herein.

34. Upon information and belief, in the course of conducting his business, Defendants knowingly made false representations as to affiliation, connection, and/or association with Dexun by using marks identical to Dexun's trademarks, by using a UL certification mark that they were not authorized to use, and by obtaining an ETL certification mark through false pretenses, and otherwise engaged in deceptive trade practices.

35. As the direct and proximate result of Defendants' conduct, Dexun has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

## FOURTH CLAIM FOR RELIEF
(Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505/1 et seq.)

36. Dexun incorporates the preceding allegations as if fully set forth herein.

37. Upon information and belief, in the course of conducting their business, Defendants engaged in unfair and deceptive practices including, but not limited to, making false representations as to affiliation, connection, and/or association with Dexun by using marks identical to Dexun's trademarks, by using a UL certification mark that they were not authorized to use, and by obtaining an ETL certification mark through false pretenses.

38. Defendant's conduct has created a likelihood of confusion as to affiliation,

connection or association in the marketplace.

39. As the direct and proximate result of Defendants' conduct, Dexun has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

### FIFTH CLAIM FOR RELIEF
(Intentional Interference with
Prospective Economic Advantage)

40. Dexun incorporates the preceding allegations as if fully set forth herein.

41. Upon information and belief, at the time Defendants adopted and began using Dexun's DEXUN and SHINLEF marks, and began using UL certification marks only authorized for use with DEXUN products, and began using an ETL certification mark that was obtained via false pretenses, Defendants knew and have known that Dexun is in the business of providing genuine DEXUN and SHINLEF micro-pumps.

42. Upon information and belief, Defendants committed acts intended or designed to disrupt Dexun's prospective economic advantage arising from advertising and/or providing these services, by substituting counterfeits of Dexun's micro-pumps for the genuine product.

43. Defendants have no legal right, privilege, or justification for their conduct.

44. As a direct and proximate result of Defendants' intentional interference with Dexun's prospective economic advantage, Dexun has suffered, and will continue to suffer, monetary damages and irreparable injury.

45. Based on the intentional, willful and malicious nature of Defendants' actions, Dexun is entitled to recover exemplary damages and reasonable attorneys' fees and costs incurred in connection with this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

A. A permanent injunction prohibiting Defendant, its officers, agents, servants, employees and/or all persons acting in concert or participation with them, or any of them, from (1) using Plaintiff's trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any other purpose, and (2) using certification marks that are affiliated with Dexun and which Defendants are not authorized to use.

D. An award of compensatory, consequential, statutory, and punitive damages to Plaintiff in an amount to be determined at trial;

E. An award of interest, costs and attorneys' fees incurred by Plaintiff in prosecuting this action; and

F. All other relief to which Plaintiff is entitled.

## JURY DEMAND

Plaintiff Dexun demands a trial by jury on all issues presented in this complaint.

DATED: December 22, 2010.                                             Respectfully Submitted,

s/Cameron M. Nelson
Paul D. McGrady
Kevin J. O'Shea
Cameron M. Nelson
Elysa Q. Wan.
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 2500
Chicago, IL 60601
Telephone: (312) 456 8426
Facsimile: (312) 899 0407

Dawn Zhang
GREENBERG TRAURIG, LLP
Room 3125-3141
Central Plaza

9

381 Huaihai Zhong Road
Shanghai, China 200020
Telephone: +86 (21) 6391.6633
Facsimile: +86 (21) 6391.6232

*Counsel for Plaintiff Wuxi Dexun Micromotor Co.*